## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,
   *Plaintiff,*

   v.

DAVID VALENTIN,
   *Defendant.*

No. 3:16cr74 (MPS)

## RULING ON MOTION FOR COMPASSIONATE RELEASE

Defendant David Valentin, who is serving a sentence of imprisonment at FCI Berlin in New Hampshire, has filed a motion under 18 U.S.C. § 3582(c)(1)(A) for a reduction in his term of imprisonment to time served and immediate release. (ECF No. 93.)  The government filed a brief in opposition to Mr. Valentin's motion on September 27, 2020.  (ECF No. 98.)  On October 5 and 8, 2020, I held telephonic conferences.  For the reasons that follow, I grant Mr. Valentin's motion.

On April 20, 2016, a grand jury returned an indictment against Mr. Valentin, charging him with possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (count one); unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (count two); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (count three).  On April 18, 2017, Mr. Valentin pled guilty to count one of the indictment, charging him with possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and count three of the indictment, charging him with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(2).  (ECF No. 66, 67.)

On October 10, 2017, I sentenced the defendant to 60 months on count three and 1 day on count one, to run consecutively.  (ECF No. 91.)  In so doing, I made a downward departure to the

mandatory minimum "to reflect the defendant's extraordinary pre-sentence rehabilitation, including a full 12 months of perfect compliance with a strict set of release conditions, addressing addiction issues, behaving in a manner that made him a role model to others in the same program, and obtaining and maintaining full-time employment while residing at a sober house." (ECF No. 91.) Nonetheless, I noted that a substantial sentence "was still necessary to promote respect for the law and reflect the seriousness of the offenses involved, in light of the fact that prior, shorter sentences failed to convince the defendant to change his ways." (*Id.*)

Mr. Valentin has served 42 months of his 60 month sentence; when good time credit is taken into account, he has served over 82% of his term of imprisonment. His projected date of release is May 12, 2021.[1] According to the BOP's "summary reentry plan – progress report," he could be released as early as next month to a halfway house. (ECF No. 94-4 at 5-6.)

Section 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). The Second Circuit recently has made clear that "district courts have discretion to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release." *United States v. Brooker*, No. 19-3218-CR, 2020 WL 5739712, at *7 (2d Cir. Sept. 25, 2020) ("Neither Application

---

[1] https://www.bop.gov/inmateloc/

Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion."). Because Mr. Valentin – and not the Bureau of Prisons ("BOP") – brings the instant motion, I am not bound by the Sentencing Commission's outdated policy statement applicable to Section 3582(c)(1)(A), *see* U.S.S.G. § 1B1.13, which the Second Circuit recognized as only applying to motions for sentence reduction brought by the BOP. *Id.* ("hold[ing] that Application Note 1(D) does not apply to compassionate release motions brought directly to the court by a defendant under the First Step Act . . ."; rather, this Guideline "only [applies] to those motions that the BOP has made" under this Act). Indeed, the Second Circuit recognized that "the district court has discretion to consider all possible reasons for compassionate release." *Brooker*, 2020 WL 5739712, at *8.

Exercising that discretion, I find that Mr. Valentin has established extraordinary and compelling reasons for a sentence reduction.[2] First, his medical records indicate that he may be susceptible to severe illness should he contract COVID-19. Mr. Valentin's medical records show that he has an extensive history of smoking. (See ECF No. 96-1 at 4, 6/5/13 report indicating 30 cigarettes per day for almost 20 years.) In addition, Mr. Valentin previously was diagnosed with hypertension (ECF No. 96-1 at 10) and his recent readings reflect stage one and stage two hypertension. (*See, e.g.*, ECF No. 96-4 at 18, 141/99 on 10/30/17; ECF No. 96-4 at 24, 139/91 on 11/29/17; ECF No. 96-4 at 93, 139/96 on 8/14/19.)[3] According to the Centers for Disease Control

---

[2] It is undisputed that Valentin has fully exhausted his administrative remedies. (ECF No. 94-2 at 2; ECF No. 94-3 at 2.)

[3] Blood pressure measurements falls into four general categories:

> Normal blood pressure is below 120/80 mm Hg.
> Elevated blood pressure is a systolic pressure ranging from 120 to 129 mm Hg and a diastolic pressure below 80 mm Hg.
> Stage 1 hypertension is a systolic pressure ranging from 130 to 139 mm Hg or a diastolic pressure ranging from 80 to 89 mm Hg.
> Stage 2 hypertension is a systolic pressure of 140 mm Hg or higher or a diastolic pressure of 90 mm Hg or higher.

and Prevention, people with these conditions might be at an increased risk for severe illness from COVID-19.[4]  In addition, Mr. Valentin has a history of Hepatitis C.  (*See, e.g*, ECF No. 96-1 at 2, 6/05/13 record noting "Hepatitis C infection, chronic".).

Consideration of the factors in 18 U.S.C. § 3553(a) also weighs in favor of a sentence reduction.  The government points to Mr. Valentin's record of prior felony convictions for the sale of narcotics and suggests that he poses a significant risk of recidivism.  However, after his arrest he successfully underwent drug treatment, complied with a stringent set of release conditions, and maintained full-time employment.  In fact, his conduct while on pretrial release was so extraordinary that I found it a basis for a downward departure.  Even after sentencing, Mr. Valentin continued to compile an exemplary record.  Since his incarceration, he has participated in several programs and courses, has maintained employment, and has had no disciplinary incidents.  (ECF No. 94-4 at 2-4.)  From all appearances, he has turned his life around.  It is true that "[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'"  28 U.S.C. § 994(t).  However, although rehabilitation "alone" is insufficient, it can "interact with the present coronavirus pandemic" to create an extraordinary and compelling reason for a sentence reduction. *Brooker*, 2020 WL 5739712, at *9; *see also United States v. Millan,* 91-CR-685 (LAP), 2020 WL 1674058, at *7 (S.D.N.Y. Apr. 6, 2020) ("[Congress'] "use of the modifier 'alone' evidences that [it] believed that rehabilitation is relevant to the question of whether a sentence should be reduced and that rehabilitation, when considered together with other equitable factors, could constitute 'extraordinary and compelling reasons' for a sentence reduction.").  Valentin is now 41 years old. He has served 42 months, which is the bulk of the 60-month sentence I imposed and a longer

https://www.mayoclinic.org/diseases-conditions/high-blood-pressure/diagnosis-treatment/drc-20373417

[4] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

period of incarceration than he ever served before.   Under the circumstances, which include a heightened risk to Mr. Valentin from COVID-19, the sentence has gone far enough towards its goals – which included protecting the public, deterring Mr. Valentin, and promoting respect for the law.  I also find that Mr. Valentin's structured release plan to a halfway house strengthens his chances to reenter society successfully and abide by the strict conditions of release I impose in this order.  And given that he has already served a majority of his sentence, my conclusion is that, under all the circumstances, requiring further prison time is not worth the risk of serious harm or death that it entails.   After considering carefully Mr. Valentin's underlying health conditions combined with the Section 3553(a) factors, I find that extraordinary and compelling reasons warrant a reduction of the term of imprisonment to a sentence of time served, under 18 U.S.C. § 3582(c)(1)(A).  Therefore, Mr. Valentin's motion for compassionate release (ECF No. 93) is **GRANTED** and his term of imprisonment is reduced to time served.  Mr. Valentin shall serve a period of supervised release equal to the unserved portion of his original term of imprisonment, plus the four-year term of supervised release previously imposed.  Mr. Valentin was scheduled to become eligible for release from prison on May 12, 2021.  Therefore, he shall be on supervised release until that date, followed by an additional four years of supervised release (which was the originally imposed term).  All of the conditions of supervised release listed in his original Judgment, ECF No. 91, shall apply throughout the period of supervised release.  In addition, the following additional special conditions shall apply:

**The defendant is ordered released upon the completion of a Residential Reentry Center (RRC) placement, as arranged by the Bureau of Prisons (BOP). The defendant is to be released from the institution and report directly to the RRC on the same date, unless otherwise approved by the U.S. Probation Office. The defendant shall reside and**

**participate in the RRC for a period of six (6) months, unless a residence is approved in advance by the U.S. Probation Office. The defendant shall abide by the rules and regulations of the RRC during placement.**

Defense counsel shall transmit a copy of this order to appropriate BOP staff at FCI Berlin as soon as possible.  The Court will hold a telephonic status conference to review Mr. Valentin's compliance with his conditions of release on November 6, 2020 at 9:00 am.  Mr. Valentin must dial-in to the call; the Court will provide the Government and defense counsel with the dial-in information.

IT IS SO ORDERED.

Dated: Hartford, Connecticut
      October 9, 2020

                                                            /s/
                                        Michael P. Shea, U.S.D.J.